In the Matter of PETER J. CORINES, Appellant, CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Respondent. —In a proceeding pursuant to CPLR article 78 to review a determination of the Catholic Medical Center of Brooklyn and Queens, Inc., dated August 29, 1985, which summarily suspended the petitioner from the medical staff of St. John's Queens Hospital, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), dated July 24, 1987, as, upon reargument, adhered to its original determination dismissing the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, a surgeon, was summarily suspended from the medical staff of St. John's Queens Hospital (hereinafter the hospital), upon charges that, among other things, he performed unnecessary and life threatening major surgery upon patients at that facility. The petitioner commenced the instant CPLR article 78 proceeding challenging his suspension and seeking either a hearing in accordance with the hospital's "Medical Staff By-Laws" or to have his privileges as a staff

member restored. There were hearings scheduled prior to the commencement of this proceeding which were adjourned at the request of the petitioner. Thereafter the corporate respondent scheduled another hearing on February 19, 1987, before an ad hoc committee of the medical board of the respondent Catholic Medical Center of Brooklyn and Queens, Inc. Although the petitioner was duly notified of the hearing date and that his personal presence was required, he failed to appear. The hearing was held as scheduled, the medical board upheld the petitioner's suspension, and the board of trustees affirmed that determination.

Contrary to the petitioner's contention on appeal, due to the nature of the charges his suspension was governed by that section of the hospital's "Medical Staff By-Laws" which concern summary suspensions of clinical privileges, and the hearing was conducted in conformance therewith. Moreover, pursuant to those bylaws, the petitioner's failure to appear at the hearing without good cause constituted a waiver of both his right to a hearing, as well as any further review by the respondent.

On this record we cannot conclude that the respondent's determination was either arbitrary or capricious, or an abuse of discretion. Accordingly, the Supreme Court properly dismissed the proceeding.

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.